1-816-29 United States v. Hector Garcia-Cartagena Good morning, Mr. Perez. Good morning, Your Honors. May it please the Court, my name is Franco Perez and I represent the defendant appellate in this case, Hector Garcia-Cartagena. Judge Torreya, may I reserve four minutes for rebuttal? Sure. Thank you. We had the same issue as the last one, didn't we? Yes, that is what I wanted to point out at the outset. This is sort of a companion of... Excuse me. I'm sorry. One minute? Four minutes. Four minutes. Oh, you said four. I understood one. I misheard. Thank you. I'm glad you brought it up again. So that is what I wanted to point out at the outset, that this is sort of a companion appeal to Guantanamo and that there are several overlapping issues. So let's clarify that. If the prosecution were to win the prior case, then you would lose on 3.1 in this case. I think it would depend on the basis for which the prosecution or on which the prosecution won. Well, I think they'd have to get through. Let's assume it's indivisible and they get through the whole thing and conduct is enough. That's going to apply to 3.01 here. Yes, I think that would carry over to this case. However, I don't believe that 3.1 is a crime of violence. Right. So you think the government should lose the prior case. But if the defendant wins the prior case, then you could only lose if 4.01 is a controlled substance offense categorically. Well, the 4.06 that we admitted to, yes, Your Honor. And that is one of the issues I want to get to. So subject to the court's questions, I just want to focus my time on the issues that are exclusive to this case. Now, turning to the merits, there are two reasons why the court should vacate the judgment of the district court and remand a case for resentencing on the remaining Grade B violations before a different district judge. First, the evidence did not supportably show that Mr. Garcia engaged in conduct amounting to the Puerto Rico crime of attempting or conspiring to possess controlled substance with intent to distribute. And second, the district court procedurally erred in classifying the Puerto Rico crimes that are issued here as Grade A violations, that is, as a crime of violence and controlled substance offense. I want to start with the sufficiency issue, since that is not present in the prior appeal. And the first thing to note about that would be that the finding that Mr. Garcia attempted or conspired to commit an Article 401 violation was based on a combination of guesswork, speculation, and an incorrect interpretation of the law. Now, in the district court's view, it is a foregone conclusion that whenever a defendant is charged with violating Article 401 and then that defendant later pleads guilty to an Article 406 violation, the object of that attempt or conspiracy is possession with intent to distribute under Article 401. In fact, there is almost a half a dozen instances on the record that we cite to at pages 7 and 8 of our reply that show or where the court expresses the view that a reclassified Article 406 charge always relates back to the 401 charge. So when we set aside all the distractions in this case, it becomes clear that the finding that Mr. Garcia attempted or conspired to possess drugs with intent to distribute rests on an erroneous interpretation of the law. At one point, the court even said that if the fact-finding framework that she applied was wrong, then this court would have to say so very clearly. And I believe that the court did as much a few months later in United States v. Martinez-Benitez. Could you clarify something? I thought there was evidence in the record that your client was found at a drug point possessing 64 total containers containing cocaine, marijuana, and unprescribed pills. I thought there was evidence of that in the record. So what we have in the record, Your Honor, is, first of all, police complaints that charge him with two Article 401 counts, one for possession of marijuana with intent to distribute and the other one for cocaine. Where did I get the 64 total containers that was in the docket in this case? There is also a field test that was produced by the police where they list several items. There are several. Let me put it this way. Was the evidence sufficient to support a finding that he was at a drug point possessing 64 containers of drugs? I'm not sure that there's any evidence that would suggest that he was at a drug point. Perhaps I'm misremembering the record. I do know that he was in a housing project. And as to the remaining items, the problem that we have on this record are basically two. First, we don't have any information as to how those items were, why they're being imputed to our client. We don't know if he was caught with them or the circumstances under which he was apprehended with those items. All that is lacking from the record. All we have is that allegation together with the criminal complaints. And I. But don't you have to say that the court can't, that those allegations, I mean, I got them from something in the docket in this case. Right. You have to say that those are insufficient to allow a factual. Imagine he'd never been. Imagine he'd never been charged with anything. But there's evidence in the record that he was found at a drug point possessing 64 total containers. It seems to me under the revocation proceedings, the court could make a finding that he was violating 401 and then. Whether or not he'd ever been charged with it. Well, on that basis. So the problem with that, your honor, is that that's not precisely the standard that the district court employed in making that finding. It was mostly based on a reliance of these criminal complaints and how pleading down to a lesser charge relates back to to another charge. And I would also suggest that there wasn't even there weren't any live witnesses presented to support that assertion. So, again, in a way, it also becomes a question of reliability in our view. So let me make sure this is important. I think what you're saying, maybe not, is that one, the evidence was insufficient to support a fact finding that he was at a drug point with 64 total containers. But two, even if it was sufficient, the trial judge here never, in fact, reported to make that finding. Rather, he just relied on the original charge in 401. Right. Or primarily on that charge. And again, there is also another problem. And it would be that, again, it seems that it would have been the district court had already made up or seemingly had already made up its mind as to what the charges were in this offense at the at the first preliminary hearing, which was later continued. And I'm not sure if the court at that point had the list of those items. But but again, yes, it's primarily based on those documents. And that is why we submit that it is insufficient. And again, as this court held in Martinez Vegas, that simply isn't enough. You can't those offenses. You know, the fact that an offense before one offense was reclassified to a four or six is simply not enough. So I also want to acknowledge that Martinez Benitez was decided in a different context. It was decided in a sentencing context. And this is a revocation proceeding. And here, the district court is not necessarily bound by this conduct that was subject to the criminal charges at the state level. However, the government, again, aside from from those documents, presented nothing else in support of the charge that our client had, in fact, committed an article for six violation in relation to the the 401. What about the factual? Do you challenge the factual advocacy? Sufficiency of the record for the abuse under Article three dot one. So distinct from my don't know. I think in this case, our client did plead guilty to one of the there was a three point one charge and a three point four for abuse by restriction of liberty. And the three point four charge was reclassified to three point one. However, yeah, we we we have no problem admitting those facts on this record because our client admitted to that in state court. However, that's just going to take me to the second issue. But if if that conduct that our client admitted to is not enough to be deemed a grade A violation or a crime of violence. And the reason for that is that the categorical approach ought to apply in the revocation context. Certainly his conduct that he admitted to was eminently violent. He struck her through the window of the car, got in the backseat, climbed on top of her, restrained her, continued to strike her. And we are not disputing that, Your Honor. What you're just saying is there's no offense that fits that that isn't overly broad and that we would have to use the categorical approach, which would not solve the broadness. Right. And in this case, the government could have attempted to prove another violation based on those facts. However, it failed to do so. It simply argued that three point one categorically was a crime of violence. And I would also point out that the district court did not even employ the categorical approach. The court simply looked to the conduct and said, if that's not violent, then someone's going to have to tell me what violent conduct is. And yes, again, factually, while that conduct may have been violent, that's not the test that should apply here. I'm sorry, a couple of minutes, a couple of seconds ago, you said we admit to that. I'm not clear what you're admitting to. Are you admitting that that conduct occurred? Well, I can't admit anything. Maybe I misspoke, Your Honor. But what I can point to is that in the record, in the record below, our client admitted to the allegations of three point one, or at least did not dispute that they had occurred in that manner as alleged by the government. But I don't think for purposes of determining whether that is, his conduct amounts to a crime of violence, whether that is dispositive at all. I think we have to stick to the almond-centric approach. And I just wanted to touch on a few reasons why the categorical approach is the, why the focus should be on the categorical approach as opposed to the conduct-based approach. And principally, that's because when we look at the guideline commentary, yes, it directs the court to look to the actual conduct. But then, I see my time is up. If I could just finish my thought, Your Honor. Your thought. But then, application note two also directs us to 4B1.2. And the only way to harmonize those two provisions is to apply the categorical approach. Thank you, Your Honor. Thank you. May it please the Court. Your Honor, actually to address the issue, he was caught with actually containers, which you indicated earlier, of drugs, marijuana, and granulated cocaine. Is that the allegation or is there some evidence of that in the record? Well, what we have is a police complaint, a sworn complaints complaint in this case. And also, we have actually the uncontested motion because he had filed a motion saying we're not contesting the violations in this case. What happened was, if you look at the totality of circumstances when he appeared for the final revocations hearing, he automatically went to sentencing. He was not contesting the facts. Only when they were in the proceeding itself was what he argued was, I'm pleading for, he started making the allegation of 401 versus 406 and versus 3.1. So, Your Honor, if you really look at it, I mean, he even admitted in his motion previously, we are not contesting the motion of the probation officer. And what does the probation officer motion state? In one of the motions, he was caught at a drug point and was selling drugs, cocaine and marijuana. So, we do have that fact on the record. Just put a pin in it. Was he not contesting probable cause or was he not contesting the facts of the violation? Well, I think for sentencing purposes, he was making an argument for sentencing purposes that, oh, you cannot rely on it based on 401 versus what I pled guilty to. But, Your Honor, as you know, you don't have to rely on what he pled guilty to. Martinez Benitez is not even related to this case that we have at hand. We have a revocation proceeding where all the court needed to do was find that he committed some type of crime, either state, local or whatever. And even the guidelines state that. So, we were at the sentencing phase. And what can the court rely on at sentencing? It's a lesser, you don't, I mean, it doesn't need witnesses. You can rely on sworn statements. Let's assume you're correct, that you've got enough in the record to support a factual finding that he's had a drug point for 64 vials. And there's no doubt that's a violation of 401. Correct. So, then you've still got the problems we talked about earlier, the hurdles you potentially have to get over. Here, though, you have Davila Felix, which actually seems to suggest that 401 is not divisible. And that's the thing. In that case, that case was decided without the government input. That was decided by, corresponded by the court in this opinion. So, you do, this is an unusual case. You've got two opinions of our court, Davila Felix and Irby. Yes. Both of which, if we take, there's a sentence in either one of them that if we say that's the law, you lose. But your argument is we should not deem that sentence in either case as the law because it wasn't contested otherwise. In Irby, they didn't say the conduct should be enough. And here, divisibility wasn't contested enough. Well, also, I have to think, you have to look at, and Davila Felix, there, what we're arguing also is it was incorrectly decided because based on the Puerto Rico law, when you look at it. So, Fuentes Morales came down afterwards, is that what you're saying? Correct. So, if you look at it, when you look at the cases that were decided by the government, Fuentes Morales and Rosario Centron, those cases equate that even concealment relates to drug distribution. So, based on that, that crime, 401, is a substance control act involving, as defined under 4B1.2. That's the government's position. If you look at the law itself of Puerto Rico, which the court is supposed to apply in determining whether it is a crime of violence, or excuse me, is a controlled substance of act or even a crime of violence, and therefore, it's the government's position, it is a categorical crime involving a controlled substance offense. Now, if I may, one thing I'd like to throw out, Irby, when Irby was decided, as you indicated, Judge Coyote, previously, I mean, the government, you know, didn't even litigate, didn't, you know, still didn't have the benefit not to litigate, you know, what was happening in that case. So, I mean, I think that is why Irby was decided without the input of the government in this case. So, anyway, any other questions by the panel? Thank you. Thank you. Thank you. Excuse me. Very briefly, Your Honors, I just want to respond to three points that the government made. The first one being that the government had ample opportunity in this case to present its theory that David F. Eddix is not good law, although it failed to do so. At the first revocation hearing, when the court invited, when the district court invited briefing on the issue, and again at the final revocation hearing. And also, it is our position that it's a law of the circuit, so I don't think that we are in the correct forum to overturn that decision. Secondly, with regard to the contention that Mr. Garcia simply accepted all the allegations and passed on to the sentencing phase of the revocation hearing, I think that's unsupported by the record. I think what occurred was that the trial attorney in that case acted under the impression that the court would be sentencing based on the grade B violations as opposed to A. And I know that the government says that it is, that it's a purely legal argument, what we advance, but clearly the legal argument, or the legal arguments depends on the factual one, and without a finding that an offense is a controlled substance offense. So when, excuse me, when one makes the argument that an offense is not for a controlled substance offense, what one is really saying is that it does not contain the necessary requirements, and that is based on a factual determination. Finally, with regard to the evidence that Judge Kayada was referring to earlier, I think at best what that evidence shows was that Mr. Garcia was apprehended with that quantity of drugs. I don't think it establishes every element of the 401 offense. If your honors have no further questions. How is having 64 vials of a variety of drugs sort of like a drug smorgasbord here? How is that not evidence of an offense? I mean, it is evidence of an offense, your honor. What I'm getting at is. And of a controlled substance. It sounds like someone is selling drugs. And one thing I would note in that regard was that he also tested positive for drugs when he was apprehended, or when he was tested by the probation officer. So I'm not. I know that this is a quantity of drugs that the court may believe is significant, but by the same token, it could have also been for personal use. So that is the story. Thank you, your honors.